IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 19 PM 5: 28

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS


UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                No. 05-20082-B

RODERCUS FREEMAN,

    Defendant.

---

## ORDER DISMISSING TRIAL COUNSEL

---

Before the Court is the motion of the United States to dismiss court appointed counsel

as attorney for the Defendant, Rodercus Freeman.  Freeman was charged in a one count

indictment with bank robbery of a federal credit union in violation of 18 U.S.C. § 2113(a).  He

was appointed a federal public defender to represent him and was held without bond.  The

government filed a motion to have court appointed counsel dismissed based upon the fact that

defense counsel may be called as a witness against Freeman for actions that occurred subsequent

to his incarceration.

According to the government's motion, certain information was provided to defense

counsel in discovery which included the name and address of a witness who apparently worked

for the credit union at the time of its alleged robbery.  Furthermore, according to the motion,

defense counsel submitted a copy of that information to Defendant and shortly thereafter, a letter

threatening this witness with bodily injury or death was sent to her at the address contained on

the documents given to defense counsel by the government.  According to the United States, the

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on _8-22-05_



only way that the name and address of this witness could have been known by the Defendant would have been based upon that information provided to him from his attorney.

A hearing was conducted on the government's motion on August 17, 2005. At that time, defense counsel opposed the motion indicating that Freeman desired him to remain as his attorney and stating that the Defendant was willing to stipulate that his attorney sent such information to him (the Defendant). However, the government indicated that they desired to call defense counsel based on the fact that such stipulation might later be withdrawn and that the government desired to introduce direct evidence of this submission by defense counsel to his client in order to establish that fact before a jury.

Upon consideration of the statements of counsel and the government's motion, the Court was of the opinion that the government should be permitted to call as a witness in any subsequent criminal proceeding defense counsel to establish the fact that he had submitted information to his client which could have been utilized in sending a threatening letter by the Defendant to a witness in this present case. Consequently, the Court determined that present defense counsel could no longer represent Freeman inasmuch as he may very well be a witness against the Defendant in a subsequent criminal proceeding against Freeman.

Accordingly, for the reasons stated herein, the government's motion to dismiss defense counsel is GRANTED. The Court will appoint a new attorney from the CJA panel and once that attorney has been selected, the Court will set hearings on the Defendant's motion to suppress as well as his request for review of the detention order.

**IT IS SO ORDERED** this $\underline{16^{th}}$ day of August, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 50 in case 2:05-CR-20082 was distributed by fax, mail, or direct printing on August 22, 2005 to the parties listed.

---

Randolph W. Alden
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

L. Daniel Johnson
LAW OFFICE OF L. DANIEL JOHNSON
254 Court Ave.
Ste. 300
Memphis, TN 38103

Tony R. Arvin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT